# 13-cv-20534-LENARD/O'SULLIVAN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | | |
|---|---|---|
| **LUIS RIBAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COAST PROFESSIONALS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

FILED by _____ D.C.

FEB 1 2 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

NOW COMES the Plaintiff, LUIS RIBAS, by and through his attorneys, THOMAS GIBBONS, ATTORNEY AT LAW, and for his complaint against the Defendant, COAST PROFESSIONALS, INC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    LUIS RIBAS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Miami, County of Miami-Dade, State of Florida.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to the U.S. Department of Education (hereinafter, "the Debt").

1

6.      The Debt was for a student loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      COAST PROFESSIONALS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida.  Defendant is incorporated in the State of California.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14.     In or around July 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

15.     During the course of the aforesaid time period, during a telephone conversation between Plaintiff and Defendant, Defendant informed Plaintiff he could enter into a payment agreement with Defendant relative to the Debt.

16.     Defendant further informed Plaintiff that in order for Plaintiff to enter into a payment agreement with Defendant then Plaintiff had to accept, on that same day, the terms of the payment agreement offered to him by Defendant.

17.     During the course of the aforesaid telephone conversation between the parties, Plaintiff informed Defendant that he could not accept Defendant's payment agreement on that same day.

18.     Defendant responded by informing Plaintiff that the payment agreement relative to the Debt would not longer be available to him unless he accepted it on that same day.

19.     Upon information and belief, Defendant would have allowed Plaintiff to accept the offered payment agreement relative to the Debt at a date subsequent to the date on which the parties engaged in the aforesaid telephone conversation.

20.     Defendant's representations to Plaintiff that he had to accept the payment agreement offered to him by Defendant on the same day when the parties engaged in the aforesaid telephone conversation was false, deceptive and/or misleading given that, upon information and belief, Defendant would have allowed Plaintiff to accept the offered payment agreement at a date subsequent to the date on which the parties engaged in the aforesaid telephone conversation.

3

21.     During the aforesaid time period, subsequent to the parties having engaged in the aforesaid telephone conversation, the parties engaged in another telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

22.     During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Defendant informed Plaintiff that a wage garnishment order had already been processed against Plaintiff.

23.     Defendant further informed Plaintiff that his case was being processed for wage garnishment.

24.     Defendant's representations to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that steps had previously been taken by Defendant to ensure Plaintiff's wages would be garnished such that Plaintiff's wages would be applied towards the Debt.

25.     Defendant's representations to Plaintiff, as delineated above, further had the effect of conveying to an unsophisticated consumer that the garnishment of Plaintiff's wages would occur imminently.

26.     Upon information and belief, at the time Defendant made the aforesaid representation to Plaintiff, Defendant had not carried out any steps to ensure Plaintiff's wages would be garnished relative to the Debt.

27.     Upon information and belief, at the time Defendant made the aforesaid representations to Plaintiff regarding garnishment, Defendant had not referred the matter back to the U.S. Department of Education with a recommendation that the U.S. Department of Education send a notice of garnishment to Plaintiff.

28.     At the time Defendant made the aforesaid representations to Plaintiff regarding garnishment, Plaintiff had not received any communications from the U.S. Department of Education to suggest that Plaintiff's wages would be garnished relative to the Debt.

29.     Defendant was attempting to collect a Debt allegedly owed by Plaintiff for a federal loan.

30.     As delineated above, Defendant informed Plaintiff that a wage garnishment order had already been processed against Plaintiff.

31.     Defendant has no standing to commence garnishment proceedings on behalf of the U.S. Department of Education.

32.     Defendant is a debt collection company and as a debt collection company attempting to collect on a federal loan, Defendant can only refer the matter back to the U.S. Department of Education with a recommendation that a notice of garnishment be sent to Plaintiffs.

33.     Upon information and belief, at the time Defendant made the aforesaid representations to Plaintiff, no order had been entered relative to the garnishment of Plaintiff's wages.

34.     Defendant's representation to Plaintiff that a wage garnishment order had already been processed against Plaintiff was false, deceptive and/or misleading given that, upon information and belief, at the time Defendant made the aforesaid representation to Plaintiff, no order had been entered relative to the garnishment of Plaintiff's wages.

35.     Defendant's representation to Plaintiff that a wage garnishment order had already been processed against Plaintiff misrepresented the character, nature and/or legal status of the Debt given that, upon information and belief, at the time Defendant made the aforesaid

5

representation to Plaintiff, no order had been entered relative to the garnishment of Plaintiff's wages.

36.

37.     Defendant's representation to Plaintiff that a wage garnishment order had already been processed against Plaintiff was false, deceptive and/or misleading given that, upon information and belief, at the time Defendant made the aforesaid representation to Plaintiff, no administrative wage garnishment order had been entered by the U.S. Department of Education relative to the garnishment of Plaintiff's wages.

38.     Defendant's representation to Plaintiff that a wage garnishment order had already been processed against Plaintiff misrepresented the character, nature and/or legal status of the Debt given that, upon information and belief, at the time Defendant made the aforesaid representation to Plaintiff, no administrative wage garnishment order had been entered by the U.S. Department of Education relative to the garnishment of Plaintiff's wages.

39.     On or about November 7, 2012, the U.S. Department of Education sent a correspondence to Plaintiff relative to the Debt.

40.     In the correspondence, dated November 7, 2012, Plaintiff was informed that the U.S. Department of Education intended to order Plaintiff's employer to withhold Plaintiff's wages to satisfy the Debt.

41.     As of on or about November 7, 2012, the U.S. Department of Education had not ordered Plaintiff's employer to withhold Plaintiff's wages to satisfy the Debt.

42.     Defendant's representations to Plaintiff, in or around July 2012, that a wage garnishment order had already been processed against Plaintiff, as delineated above, was false.

43.   Upon information and belief, in or around July 2012, Defendant made false representations to Plaintiff regarding garnishment in an attempt to coerce Plaintiff into making a payment to Defendant relative to the Debt.

44.   In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b.   Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c.   Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    d.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    e.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

45.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

46.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LUIS RIBAS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**LUIS RIBAS**

By: _____

Thomas Gibbons
Attorney for Plaintiff

Dated: _____, 2013

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
7262 NW 58th Way.
Parkland, FL 33067
Direct Dial:  (954) 798-2516
Facsimile:    (888) 418-1277
E-Mail:        thomasjgibbons@gmail.com

8